UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**Case Number:  19-62504-CIV-MARTINEZ-SNOW**

CRAIG CUNNINGHAM, individually
and on behalf of all others similarly
situated,

       Plaintiff,

vs.

CONSOLIDATED WORLD TRAVEL, INC.,
et al.,

       Defendants.

_____/

## <u>ORDER</u>

THIS CAUSE came upon Plaintiff's Response to Order to Show Cause, [ECF No. 12], and a review of the record. After review of Plaintiff's Response, and the exhibits attached thereto, the Court finds the Response insufficient. This case is due to be dismissed without prejudice for failure to perfect service under Federal Rule of Civil Procedure 4(m).

On June 17, 2020, the Court issued an Order to Show Cause, requiring Plaintiff to either perfect service on the Defendants remaining in the case—*i.e.*, Defendant Ultimate Vacation Group, LLC, and Does 1 through 10—or show cause as to why this case should not be dismissed for failure to perfect service. [ECF No. 11]. The Court further ordered that "[f]ailure to file proof of service or demonstrate good cause by June 22, 2020 will result in dismissal without prejudice and without further notice." *Id*.

On June 25, 2020, Plaintiff filed its Response to Order to Show Cause, [ECF No. 12], requesting that this Court accept its contemporaneously filed Declaration of Service as valid proof

of service. Plaintiff states that service was perfected upon Defendant Ultimate Vacation Group, LLC, on March 3, 2020. In support, Plaintiff has attached a Declaration of Service to its Response, which includes two declarations from individuals who purport to have properly perfected service on Defendant Ultimate Vacation Group, LLC. [ECF No. 12-1].

Though the Court will accept Plaintiff's late-filed Response to the Order to Show Cause, it nonetheless finds it insufficient. As an initial matter, after a review of Plaintiff's Declaration of Service, the Court finds that Plaintiff's attempts at perfecting service were legally improper. The Declaration of Service purports that service was perfected by: (1) substituted service via Ms. Erica Edwards "by substituted service and leaving with Sunny Shah – UPS Employee"; and (2) service by mail via Ms. Tatiana Simoes-Silva "by placing a true copy [of the summons, complaint, and civil cover sheet] in a sealed envelope with postage thereon pre-paid for first class in the United States mail…." [ECF No. 12-1]. Neither of the foregoing are permitted under either the Federal Rules of Civil Procedure or the Florida Rules of Civil Procedure.

    1. <u>Service by Mail</u>

"[B]oth the Federal Rules and the Florida Rules generally permit service of process by certified mail only if the defendant agrees to waive personal service." *Dixon v. Blanc*, 796 F. App'x 684, 688 (11th Cir. 2020); *see* Fed. R. Civ. P. 4(d), (e); Fla. R. Civ. P. 1.070(i). Plaintiff has presented no evidence or information showing that Defendant Ultimate Vacation Group, LLC waived personal service. *See* Fed. R. Civ. P. 4(d); Fla. R. Civ. P. 1.070(i). And Plaintiff's "mailing of the complaint and summons does not constitute 'delivering' the complaint…within the meaning of Rule 4(e)(2)(A) or (C)." *Dixon*, 796 F. App'x at 688.

2.  Substitute Service via UPS Employee

Under Florida statute, process against a limited liability company may be served on a registered agent designated by the limited liability company. *See* Fla. Stat. § 48.062(1). Additionally, if the address for the registered agent, member, or manager is a private mailbox, service on the limited liability company may be made by service on the registered agent, member, or manager in accordance with Florida Statute 48.031, which governs service of process generally. *See* Fla. Stat. § 48.062(4). That statute provides, in part, that "[i]f the only address for a person to be served, which is discoverable through public records, is a private mailbox, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, but only if the process server determines that the person to be served maintains a mailbox at that location." Fla. Stat. § 48.031(6).

As an initial matter, though neither Plaintiff's Response nor the Declaration of Service contend that service of process was proper under Florida Statute 48.031(6), the Court will assume the argument as the only relevant manner of service. Nonetheless, the Declaration of Service makes no representation that all statutory requirements were met. *See Baker v. Warner/Chappell Music, Inc.*, No. 14-cv-22403, 2014 WL 4426169, at *2 (S.D. Fla. Sep. 9, 2014) (quashing service where the proofs of service merely stated that service was effected pursuant to Fla. Stat. § 48.031(6) "after confirming Defendant maintains a mailbox at this location"). The Declaration of Service at issue here does not make any representation regarding the statutory requirements at all.

Florida case law makes clear that delivery of process to a person in charge of a private mailbox is invalid unless the plaintiff can show:

> (1) that the address of record of the corporation's officers, directors, registered agent and principal place of business was a private mailbox; (2) ***that the only address discoverable through public records for the corporation, its officers, directors, or registered agent was a private mailbox***, and (3) that the process server

properly determined that the corporation, or its officer, director, or registered agent maintains a mailbox at that location prior to service the person in charge.

*TID Servs., Inc v. Dass*, 65 So.3d 1, 7 (Fla. 2d DCA 2010) (internal quotation omitted) (emphasis added) (finding, in the context of a corporate defendant, that service of process via substitute service was inadequate where plaintiff failed to demonstrate compliance with the second requirement and explaining that the statute does not "give claimants carte blanche to make service of process on corporation at private mailboxes" and emphasizing that "delivery of process to a person in charge of a private mailbox will be invalid unless the claimant can establish strict compliance with the statutory requirements").

The Declaration of Service fails to establish that any of the statutory requirements were met to permit substitute service.

3. <u>Untimely Service</u>

Most importantly, Plaintiff has failed to establish any requisite "good cause" for extending the period for service. *See* Fed. R. Civ. P. 4(m). The Complaint was filed on October 7, 2019. [ECF No. 1]. Plaintiff asserts that Defendant was served on March 3, 2020. Therefore, even assuming service was legally sufficient—which it was not—it was not perfected within the ninety (90) days allotted by Federal Rule of Civil Procedure 4(m). Plaintiff's Response fails to explain this deficiency and no motion for extension was previously requested. Rule 4(m) is mandatory; it states that "the court…***must*** dismiss the action without prejudice" where a defendant is not served within ninety days after the complaint is filed. *Id*. (emphasis added). Though Plaintiff asserts that the delay in filing the Declaration of Service was unintentional, Plaintiff fails to set forth any explanation as to the delay in *perfecting service*.

Accordingly, the Court must dismiss the action against Defendants Ultimate Vacation Group, LLC, and Does 1 through 10, without prejudice. It is, therefore:

**ORDERED AND ADJUDGED** that

1. Plaintiff's Complaint is **DISMISSED without prejudice** as to Defendants Ultimate Vacation Group, LLC, and Does 1 through 10, for failure to perfect service pursuant to Federal Rule of Civil Procedure 4(m).

2. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of June, 2020.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Snow
All Counsel of Record